**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jairo Enrique RADA–SOLANO,**
**Defendant-Appellant.**

No. 80–5021
Summary Calendar.

United States Court of Appeals,
Fifth Circuit,
Unit B.

Sept. 5, 1980.

---

Lawrence N. Rosen, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Linda Collins Hertz, Donald L. Graham, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

In this case involving a two-count conviction for possession of cocaine with intent to distribute and importation, 21 U.S.C.A. §§ 841(a)(1), 952(a), defendant challenges first, the admission for impeachment purposes of illegally obtained statements; second, a jury instruction on deliberate ignorance; and third, the sufficiency of the evidence. Concluding these contentions lack merit, we affirm.

Defendant arrived at the Miami International Airport on a flight from Calle, Colombia, South America. A customs inspector noticed that the sides of one of defendant's two suitcases, which contained men's clothing, a poncho, blankets and coffee, were unusually thick. Customs agents drilled holes in the walls of the suitcases, and found cocaine hidden in a formica compartment behind the suitcases' lining.

Defendant, a Colombian who had lived in the United States for nine years, testified he traveled to Colombia to visit his ailing grandmother. While there, he met Juan Torres, an acquaintance from Miami, who sold defendant the two suitcases. Torres, defendant testified, had asked defendant to bring coffee, blankets and ponchos to Torres' family in the United States. Defendant testified he was unaware the suitcases contained cocaine, and that nothing about the bags raised any suspicions.

First, defendant challenges the introduction by the Government of certain statements made by him to a DEA agent shortly after his arrest. The district court had

previously granted a motion to suppress the statements as having been obtained in violation of defendant's *Miranda* rights. After defendant testified, however, the court allowed the statements to be introduced on rebuttal. The statements conflicted with defendant's trial testimony regarding the details of his agreement with Torres and tended to impeach his credibility.

■ Since the filing of defendant's brief, the Supreme Court, overruling the prior precedent in this Circuit, *United States v. Havens*, 592 F.2d 848 (5th Cir. 1979), has held that a defendant's credibility may be impeached by a prior conflicting statement, even though the statement could not be used to establish the prosecution's case-in-chief. The Supreme Court held:

[A] defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt.

*United States v. Havens*, — U. S. —, —, 100 S.Ct. 1912, 1917, 64 L.Ed.2d 559, 566 (1980). The questions which elicited defendant's responses here during cross-examination were within the confines of his direct testimony. Use of the suppressed statements for impeachment purposes was proper. The district court, moreover, gave an appropriate limiting instruction. Reversal is not warranted on this point.

■ Second, defendant challenges the district court's so-called "deliberate avoidance of positive knowledge" charge:

A defendant who has knowledge that he possesses a controlled substance may have the state of mind necessary for conviction even if he does not know what controlled substance he possesses.

The Defendant has testified he had no knowledge. Now, in this connection bear in mind that one may not willfully and intentionally remain ignorant of a fact important and material to his conduct, in order to escape the consequences of the criminal law.

When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that it does not exist.

If you find from all of the evidence beyond a reasonable doubt that the Defendant believed that he had cocaine or a controlled substance and deliberately and consciously tried to avoid learning that there was cocaine or a controlled substance in the suitcase he was carrying in order to be able to say, should he be apprehended, that he did not know, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the Defendant actually believed that he was not carrying cocaine or a controlled substance.

In other words, you may find the Defendant acted knowingly if you find that either he actually knew he had cocaine or that he deliberately closed his eyes to what he had every reason to believe was the fact. I should like to emphasize, ladies and gentlemen, that the requisite knowledge cannot be established by demonstrating merely intelligence or even foolishness on the part of the Defendant.

Conceding the instruction is appropriate under certain circumstances, defendant argues the charge here was improper because the facts do not support a finding that defendant had the knowledge necessary to trigger a finding of a purposeful attempt to avoid learning what was contained in the two suitcases. We disagree.

The facts here presented a sufficient predicate to allow the jury to consider whether defendant either knew or had consciously avoided learning that the suitcases contained a controlled substance. Defendant's complicated explanation of why he did not possess luggage of his own, the lengths to which Torres had gone to assist him in obtaining the luggage in question, the lack of explicit arrangements for the delivery of the ponchos, blankets and coffee, together

with defendant's differing versions of the acquisition and planned disposition of the suitcase, was a sufficient basis on which to allow the jury to consider either actual knowledge or deliberate ignorance thereof. Defendant's testimony about how he came into possession of the suitcases in which the cocaine was carefully concealed certainly pointed in the direction of deliberate ignorance. *United States v. Batencort*, 592 F.2d 916, 917–18 (5th Cir.1979).

In a similar context, we have previously held that a "deliberate ignorance" instruction was sufficient to apprise the jury of the knowledge component of the charge if

> (1) he knew he was importing cocaine or a controlled substance, or (2) he believed he was importing a controlled substance and through willful blindness failed to confirm that belief.

*United States v. Restrepo-Granda*, 575 F.2d 524, 529 (5th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978). The jury here was entitled to fit defendant's testimony into the second category. The charge was properly balanced and was not error. *See generally* R. Perkins, Criminal Law 776–77 (2d ed. 1969).

▇ Finally, defendant questions the sufficiency of the evidence. The jury was free to resolve any credibility choices against defendant, especially considering the inconsistencies between defendant's trial testimony and his post-arrest statements. Considering the evidence in a light most favorable to the Government, the evidence was sufficient to support a conviction on both counts. *See United States v. Sindin*, 620 F.2d 87, 90–91 (5th Cir. 1980).

AFFIRMED.