**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Alfonso Eufracio**
**COLMENARES–HERNANDEZ,**
**Defendant-Appellant.**

**No. 80–3616**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 14, 1981.

Certiorari Denied Dec. 14, 1981.
See 102 S.Ct. 979.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

**40**

Michael Schatzow, Patrick Fanning, Robert J. Boitmann, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Colmenares-Hernandez was convicted of importation and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 841(a)(1), and sentenced to two consecutive ten year terms with a special parole term of three years. On appeal, appellant argues that the evidence was insufficient to sustain his conviction and that he was deprived of due process by erroneous jury instructions, exclusion of evidence, and the trial court's failure to individualize his sentence. He also contends that the imposition of two consecutive sentences constitutes double jeopardy, and that the loss of some of the court reporter's notes requires reversal of his conviction. Finding no merit in any of these contentions, we affirm.

On June 8, 1977, appellant, dressed as a Roman Catholic priest and carrying a Bible, arrived at New Orleans International Airport. During a routine baggage check, a customs inspector, noting unusual bulges and unaccounted for space in appellant's suitcase, summoned a customs patrol officer. After noting that appellant's passport reflected prior travel between Colombia and the United States, the customs officer drilled a hole into the concealed area of the suitcase and found a substance which tested positive for cocaine. Appellant was arrested and searched. Two other suitcases which he had in the customs area, with the same suspicious appearance, were seized. They too contained cocaine. Altogether, 8.5 pounds of cocaine of 88% purity were found in the hidden compartments in the three suitcases, together with 5.2 pounds of lidocaine, a material used to "cut" cocaine to increase its street value. The seized cocaine had an estimated street value of three million dollars.

Miriam G. Waltzer, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Due to a misunderstanding with his trial counsel, appellant initially allowed the time for appeal to lapse. After an evidentiary hearing, a magistrate recommended that appellant be resentenced and permitted an opportunity to appeal his conviction. The district judge agreed that Colmenares should be allowed to pursue a direct appeal but stated that re-sentencing was unnecessary. We agree and entertain the appeal.

### 1. Sufficiency of the Evidence

■ Appellant contends that the evidence is insufficient to establish the knowledge and intent required for conviction under 21 U.S.C. §§ 960(a)(1) and 841(a)(1). Under *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) all evidence and reasonable inferences drawn must be viewed in the light most favorable to the government. Our inquiry is:

> whether a reasonably minded jury must necessarily entertain a reasonable doubt as to the defendant's guilt under the evidence. *United States v. Slone,* 601 F.2d 800, 802 (5th Cir. 1979); *United States v. Caro,* 569 F.2d 411, 416 (5th Cir. 1978). In other words, the standard is whether reasonable minds could have found the evidence inconsistent with every reasonable hypothesis of the defendant's innocence. (citations omitted).

*United States v. Ocanas,* 628 F.2d 353, 360 (5th Cir. 1980).

Our review of the record convinces us that there is sufficient evidence to support the conviction. Appellant arrived at customs masquerading as a Catholic priest, using an alias [1] and carrying three suitcases containing a large quantity of cocaine. His defense was that he had come to the United States to purchase asthma medicine for his mother, and that a stranger had offered to pay his airfare if he would transport the three suitcases. He testified that the same unknown benefactor suggested he wear priestly garb to facilitate his passage through customs. Appellant's passport listed his place of birth as Colombia and his residence as Venezuela; his testimony at trial was exactly the opposite. Although his passport revealed earlier travel from Colombia to the United States appellant denied such travel. Viewing the evidence as a whole, the jury was entitled to conclude that the proof presented was inconsistent with any reasonable hypothesis of innocence. The jury was entitled, on this record, to decline to credit appellant's explanation that an unknown person gave him millions of dollars worth of cocaine to transport without his knowledge. *See United States v. Restrepo Granda,* 575 F.2d 524 (5th Cir.), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978).

### 2. Jury Instructions

■ Absent timely objection at trial, complaints about jury instructions may not be considered unless they constitute plain error. Fed.R.Crim.P. 30. *United States v. Freeman,* 619 F.2d 1112, 1122 (5th Cir. 1980), *cert. denied,* 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). Appellant argues that the jury instructions failed to adequately define "knowing" and "intentional." The relevant portions of the jury charge read as follows:

> "Intent" ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's "intent" from the surrounding circumstances.
>
> You may consider any statement made and done by the defendant, on all other facts and circumstances in evidence which indicate his state of mind.
>
> It is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts knowingly done.
>
> Conduct of a defendant, including statements knowingly made and acts knowingly done upon being informed that a crime has been committed, or upon being confronted, with a criminal charge, may be considered by the jury in the light of all other evidence in the case, in determining guilt or innocence.

1. At trial, appellant stated his name was Alfonso Enfracio Colmenares-Hernandez. It now appears that appellant's true name is Emilio Ramirez Ortiz.

When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt.

Ordinarily it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.

A statement or an act is "knowingly" made or done if made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

An act or failure to act is knowingly done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

Appellant contends that these instructions allowed the jury to find him guilty merely upon a finding that he knew he was doing something unlawful and without proof that he knew he was importing cocaine. We disagree. The charge given combines standard jury instructions. *See Devitt and Blackmar*, (3rd Ed.), §§ 14.03, 14.04 and 14.13. No guilty knowledge or deliberate ignorance charge was given, *see United States v. Restrepo-Granda*, 575 F.2d at 529.[2] The instruction on intent is nearly identical to that approved in *United States v. Freeman*, 619 F.2d 1112, 1123 (5th Cir. 1980), *cert. denied*, 450 U.S. ——, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). We find the charge, read as a whole, fairly instructed the jury.

### 3. *Exclusion of Evidence*

■ Appellant claims that the trial court erred in excluding his testimony concerning his knowledge of the suitcases' contents. At one point the trial judge considered this testimony inadmissible; he subsequently permitted its introduction. On at least six separate occasions, both before and after the exclusion of the testimony, appellant denied any knowledge of the contents of the suitcases. The interim exclusion of this evidence does not constitute reversible error.

### 4. *Impermissible Bias and Failure to Individualize*

■ Appellant insists that the trial judge exhibited bias in the sentencing process when he referred to appellant's alienage. In imposing a sentence which is two-thirds of the maximum that could have been imposed, the trial judge concluded his remarks by saying: "I am going to do what I can to see that our laws are enforced, to bring about a deterring effect, if possible." Deterrence is a legitimate aspect of sentencing. Reading the entirety of the judge's comments and considering all statements in context, we are not convinced that impermissible bias was a motivating factor. As to the claimed harshness, we have no statutory authority to review sentences. *United States v. Denson*, 603 F.2d 1143 (5th Cir. 1979) (en banc).

■ In addition, appellant claims error in that the trial judge failed to consider him as an individual in setting his sentence. The court stated:

I think it is obvious that a pre-sentence report in this case would be a vain and useless thing, on the evidence that has been adduced here. The Probation Service would probably be hard pressed to even know the identity of this man.

Certainly it would be impossible to make a background investigation of someone whose identity is unknown.

---

**2.** In *Restrepo-Granda*, we held that an instruction "was sufficient to apprise the jury that the appellant could be found to have acted knowingly if: (1) he knew he was importing cocaine or a controlled substance, or (2) he believed he was importing a controlled substance and through willful blindness failed to confirm that belief." *Accord United States v. Rada-Solano*, 625 F.2d 577 (5th Cir.), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 482 (1980).

I will accept your word that he has no prior criminal record in his own country, but, again, it would be impossible to determine whether he does or not without knowing his identity.

The trial court complied with Rule 32(c)(1), Fed.R.Crim.P. by explaining that there was sufficient information in the record for the court to meaningfully exercise the sentencing discretion. We find no reversible error in the sentencing process.

### 5. *Double Jeopardy*

■ Appellant claims that he should not have received two consecutive sentences because the evidence introduced to prove importation was also used to prove possession with intent to distribute. He relies on *United States v. Hernandez*, 591 F.2d 1019 (5th Cir. 1979) (en banc) in which we held that evidence of a single sale of heroin could not be used to prove both possession with intent to distribute and distribution. We concluded that: "When the intent to distribute was executed by a successful sale, the possession with intent to do so merged into the completed offense." *Id.* at 1022. Appellant's reliance is misplaced.

■ The controlling rubric in determining whether one transaction constitutes a violation of two separate statutory provisions calls for an examination of the proof required for conviction. If one charge requires proof of a fact not required for the other charge, double jeopardy does not apply. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Accord, Gore v. United States*, 357 U.S. 386 (1958); *United States v. Rodriguez*, 612 F.2d 906 (5th Cir. 1980) (en banc) *aff'd sub nom. United States v. Albernaz*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (conspiring to import and conspiracy to possess with intent to distribute are separate crimes punishable separately).

The importation charge required proof that appellant brought the cocaine into the United States. This was proven by his airline tickets, passport and the facts surrounding his travel into the United States on a flight originating in a foreign country. Possession with intent to distribute was proven by evidence of possession of such a quantity that personal use was obviated. This quantitative factor is not relevant to the importation charge. Conversely, proof of international travel is not relevant to the possession with intent to distribute charge. As in *Rodriguez*, appellant was charged and convicted of separate crimes which are separately punishable.

### 6. *Loss of Court Reporter's Notes*

■ Appellant's motion to reverse his conviction because a portion of the court reporter's notes were lost was ordered carried with the case. In *United States v. Taylor*, 607 F.2d 153 (5th Cir. 1979) we stated that the test to be applied to determine whether an omission from the transcript requires reversal under the Court Reporter Act, 28 U.S.C. § 753(b), depends on whether the defendant is represented by the same lawyer at trial and on appeal. If an appellant is represented by a different lawyer on appeal, as in the instant case, the matter will be reversed upon a showing that there is a substantial and significant omission in the transcript. *Id.* at 154 (*citing United States v. Selva*, 559 F.2d 1303 (5th Cir. 1977)). The missing testimony is that of two of the government's rebuttal witnesses. The government relies on the record as constituted in response to appellant's allegations of insufficiency of the evidence. Appellant has made no showing that omission of the testimony of rebuttal witnesses is a substantial and significant omission of the transcript justifying reversal. There is no merit to this motion and it is rejected.

The district court is in all respects AFFIRMED.