**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Freddy Antonio CONTRERAS,**
**Defendant-Appellant.**

**No. 81–5084**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 1982.

Rehearing Denied April 5, 1982.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert Bondi, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH, and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant Freddy Antonio Contreras was convicted by a jury of importation of and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 841(a)(1). Appellant contends that he was given deficient *Miranda* warnings and that the evidence was insufficient to sustain his conviction. We disagree and affirm.

## I. Background

On October 1, 1980, Contreras arrived at Miami International Airport from Caracas, Venezuela, carrying a passport, a round trip airline ticket purchased in cash, a customs declaration, and one piece of luggage. Upon opening the luggage for a routine inspection, a customs officer noticed that the walls of the suitcase were abnormally thick. The officer cut open a portion of the suitcase and discovered a white powder. A thorough search of the suitcase yielded 1,544 grams (approximately three and one-half pounds) of cocaine hidden in the suitcase lining.

Appellant was arrested and read his *Miranda* rights in Spanish. After each paragraph the customs officer stopped and asked if appellant understood the language read to him. Each time appellant answered that he understood his rights. After the warnings were completed he signed a written waiver of those rights. Shortly thereafter, Drug Enforcement Administration (DEA) Special Agent Jerry Castillo arrived. He again read appellant his *Miranda* rights, asking after each statement if appellant understood and receiving an affirmative response each time. After Castillo completed

the warnings, appellant orally waived his rights, and made a statement to Castillo. Appellant told Castillo that he had met a man in a bar in Caracas who offered him $1,000 plus expenses to transport the suitcase to the United States. At first appellant stated that he was to hand over the suitcase to a man outside Miami International Airport; later he said he was to deliver the suitcase to a Holiday Inn and wait for someone to pick it up. He did not know the address of the Holiday Inn, nor did he know the name or have a description of his alleged contact.

At trial appellant gave yet another version of his story. He testified that he met a man named Pedro in a bar in Venezuela. Pedro offered to fly appellant to the United States for medical treatment for appellant's poor eyesight, and gave him $1,000 in expense money. Not content to show merely financial generosity, this unknown benefactor also took appellant's clothes and packed them in a suitcase which he gave to appellant at the Caracas airport prior to appellant's departure. Pedro told appellant that someone would meet him at the Miami airport, take him to a Holiday Inn, and pay all his expenses in the United States. On cross-examination, appellant admitted that he did not know "Pedro's" last name, his address, or how to contact him. Neither did he know the name, address, or telephone number of the doctor he was to see,[1] nor the name, address, or telephone number of his alleged contact at the Miami Airport. The jury, apparently concluding that "Mr. Pedro" literally was too good to be true, found

appellant guilty on all counts. This appeal followed.

## II. The *Miranda* Warnings

■ Appellant first urges that his conviction cannot stand because statements taken from him and used at trial were tainted by inadequate *Miranda* warnings.[2] The translated customs warning stated:

You have the right to consult your attorney before making any statement or answering any question, and you can have your attorney present while we interrogate you.

If you want an attorney but cannot pay for one on your own, the United States Magistrate in this city or in the Federal Court will assign you an attorney free of charge.

The translated DEA warning read:[3]

You have the right to consult an attorney before making any statement or answering any question posed to you, and he can be present at the interrogation.

You have the right to be represented by an attorney who will be appointed by the United States federal magistrate or court in the event of insolvency on your part.

Appellant contends that these warnings failed to apprise him of his rights to have counsel appointed immediately, prior to any questioning. The district court, on the other hand, ruled that the warnings sufficiently informed appellant of his rights.

■ As authority for his position, appellant relies on *Lathers v. United States*, 396 F.2d 524 (5th Cir. 1968).[4] There the court held that a warning to the defendant that

---

1. Contreras was carrying a card on which was written "Oschner Clinic, New Orleans." Appellant testified that Pedro had given him the card prior to appellant's departure from Caracas.

2. Appellant failed to move pre-trial for suppression of these statements. Ordinarily such a failure acts as a waiver unless the district court grants relief from the waiver. Fed.R.Crim.P. 12(b)(3), 12(f). Because the district judge entertained and ruled on a suppression motion during trial, however, the *Miranda* issue is properly before us. *United States v. Hicks*, 524 F.2d 1001, 1003 (5th Cir. 1975), *cert. denied*, 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976).

3. This translation was the one approved by the court's official translator. In his testimony at trial, DEA agent Castillo stated that the warning informed appellant "we [the DEA] will not ask you any questions until he [the attorney] has been appointed." In light of our resolution of the *Miranda* issue *infra*, we need not determine which translation was correct.

4. The Eleventh Circuit, in the en banc case *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) adopted as precedent the decisions of the former Fifth Circuit.

"if he was unable to hire an attorney...the Court would appoint one for him" was deficient. The court observed that the warning did not

> lay out in clear terms the extent of Lathers' rights. Lathers was not advised that he could have an attorney appointed and present with him before he uttered a syllable. The message to him indicated only that a judge or commissioner somewhere down the line would appoint a lawyer for him if he so requested.
>
> The *Miranda* warning must effectively convey to the accused that he is entitled to a government-furnished counsel *here and now*. If the words are subject to the construction that such counsel will be available only in the future, *Miranda* has not been obeyed.

*Lathers, supra,* at 535 (emphasis added). We ordinarily would consider *Lathers* controlling, but while a panel of this court cannot overturn prior precedent, *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), our first duty is to follow the dictates of the United States Supreme Court. *Gresham Park Community Organization v. Howell,* 652 F.2d 1227, 1234 (5th Cir. 1981). Hence we must consider whether the recent Supreme Court decision in *California v. Prysock,* ·453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981), has effectively overruled *Lathers.*

In *Prysock* the respondent raised the same issue raised by Contreras: a claim that his *Miranda* warnings were inadequate because they failed to explicitly inform him of his right to have counsel appointed prior to any questioning. The California Court of Appeals agreed that the warnings were defective, but the Supreme Court reversed. The Court noted that the respondent had been fully informed of his right to talk to an attorney prior to any questioning, to have an attorney present during questioning, and to have an attorney appointed at no cost to him. Distinguishing those cases in which the warnings explicitly linked the right to appointed counsel to some future event,[5] the Court observed that the warning given to Prysock did not suggest "any limitation on the right to the presence of appointed counsel different from the clearly conveyed rights to a lawyer in general," including the right to a lawyer prior to and during any questioning. *Id.* at 360, 101 S.Ct. at 2810. As a result, the Court held that the warnings were not deficient.

■ *Prysock* thus stands for the proposition that a *Miranda* warning is adequate if it fully informs the accused of his right to consult with an attorney prior to questioning and does not condition the right to appointed counsel on some future event.[6] A *Miranda* warning need not explicitly convey to the accused his right to appointed counsel "here and now," and to the extent that *Lathers* and other precedents of this court require such explicit warnings, they are overruled. *Prysock,* moreover, clearly controls the case before us. Both the customs and DEA warnings informed appellant of his right to consult with an attorney prior to questioning, to have an attorney present during questioning, and to have counsel appointed. The warnings did not condition appointment of an attorney on any future event and therefore were not deficient.

### III. Sufficiency of the Evidence

■ Appellant's second claim is that the government failed to produce any evidence that he knew he was carrying cocaine, and

---

5. As examples of cases presenting warnings conditioned on a future event, the Court cited *United States v. Garcia,* 431 F.2d 134 (9th Cir. 1970) (warning stated that accused could have "an attorney appointed to represent you when you first appear before the U.S. Commissioner or the Court"), and *People v. Bolinski,* 260 Cal.App.2d 705, 718, 723, 67 Cal.Rptr. 347, 355, 358 (1968) (warning to one defendant that "if he was charged ... he would be appointed counsel" and warning to second defendant, then in Illinois but to be transferred to California, that "the court would appoint [an attorney] in Riverside County [California]"). *See also Gilpin v. United States,* 415 F.2d 638 (5th Cir. 1969) (warning that "[an attorney] will be appointed for you, if you wish, before you go to court" held deficient).

6. *See* note 5, *supra.*

because knowledge is an essential element of the crimes charged, *see United States v. Zapata*, 497 F.2d 95, 98 n.7 (5th Cir. 1974), his conviction cannot stand. We disagree. The test for reviewing sufficiency of the evidence is whether, viewing all the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), substantial evidence exists to support the verdict. *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974); *United States v. Gray*, 659 F.2d 1296, 1302, (5th Cir. 1981). Our recent precedents have interpreted the "substantial evidence" test as requiring evidence which a reasonable jury could find was inconsistent with every reasonable hypothesis of innocence. *United States v. Spradlen*, 662 F.2d 724 at 727, (11th Cir. 1981); *United States v. Diaz*, 655 F.2d 580, 583 (5th Cir. 1981); *United States v. Moreno*, 649 F.2d 309, 312 (5th Cir. 1981). The key word in this test is *"reasonable"*: a jury need not accept, and indeed should not accept, wholly incredible "explanations" of criminal conduct.

Our review of the evidence convinces us that it was sufficient for the jury to find that Contreras had the requisite guilty knowledge. Appellant entered the United States supposedly for medical treatment by a doctor whose name he did not know and paid for by a person whom he met in a bar. Appellant carried a suitcase (his only luggage) which contained his clothing and three and one-half pounds of cocaine secreted in a lining. He explained he was to deliver the suitcase to a contact in the Miami airport whose name and description he did not know. Not only was his explanation not "reasonable," it was wholly incredible. Our prior precedents, moreover, have held that such wholly incredible explanations may form "a sufficient basis on which to allow the jury to consider ... actual knowledge ...." *United States v. Rada-Solano*, 625 F.2d 577, 579–80 (5th Cir.), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 482 (1980). *See United States v. Colmenares-Hernandez*, 659 F.2d 39, 41–42 (5th Cir. 1981); *United States v. Restrepo-*

*Granda*, 575 F.2d 524, 527–28 (5th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978). Having chosen to present his own evidence after the denial of his motion for acquittal, appellant took the risk that such evidence would bolster the government's case. *United States v. Perry*, 638 F.2d 862, 870 (5th Cir. 1981). Accordingly, the convictions are affirmed.

AFFIRMED.