### UNITED STATES of America, Plaintiff-Appellee,

v.

### Wilfredo ALEMAN, Defendant-Appellant.

#### No. 82–6063.

United States Court of Appeals,
Eleventh Circuit.

March 26, 1984.

Charles G. White, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Asst. U.S. Atty., Amelia Gomez, Miami, Fla., for plaintiff-appellee.

Before HILL and HATCHETT, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

Wilfredo Aleman was charged in a two count indictment with importation of cocaine into the United States and with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 841(a). Following a jury trial, Aleman was found guilty on both counts and sentenced to concurrent terms of imprisonment for thirty months, to be followed by a special parole term of thirty-six months. On appeal, Aleman argues that there was insufficient evidence presented at trial to justify giving a "conscious avoidance" jury instruction and that there was insufficient evidence to support the conviction.

On June 13, 1982, the appellant arrived at Miami International Airport on board an Aviance flight from Columbia, where he had been vacationing. Aleman was carrying a small suitcase and a leather briefcase when he came through customs. The customs agent noticed that the sides of the briefcase were extremely thick and called for assistance in examining it. The inspecting agent and his supervisor cut along the seams of the briefcase and found two plastic bags containing approximately 390 grams of cocaine having a wholesale value of about $25,000.

Aleman denied any knowledge of the cocaine and told the arresting officers that about three days before his return to the United States he had been in the Red

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Coach, a dance hall in Calli, Columbia. While there he met a man named Fernando. After the two had had a few drinks and talked a while, Fernando mentioned that he had a friend in New York named Luis who had asked him for a briefcase. Fernando asked Aleman to take it to him. Fernando left the dance hall and returned later that night with the briefcase. The friend was to come to Aleman's house to pick up the briefcase.

During his instructions to the jury, the judge explained that knowledge was a necessary element of the crime and a finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment or understanding would permit an inference of knowledge on the part of the defendant. The appellant contends that there was insufficient evidence to support the giving of such an instruction.

In order for a conscious avoidance instruction to be proper, it must be based upon facts which would "point in the direction of deliberate ignorance." *United States v. Batencort,* 592 F.2d 916, 918 (5th Cir.1979). According to the statement which Aleman gave customs agents, he met the man who gave him a briefcase on Thursday before returning to the United States on Sunday, he did not know the man's last name, he did not know who was to pick up the briefcase, and no arrangements were made for actual delivery of the briefcase. Aleman had actual possession of the briefcase for three days but denied knowledge of its contents. These facts "point in the direction of deliberate ignorance" and the contested instruction was properly given.

In determining whether there was sufficient evidence to support the conviction we must review all evidence in a light most favorable to the government and determine whether a jury must have entertained a reasonable doubt about the defendant's guilt. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The standard is the same whether the evidence is direct or circumstantial. *Holland v. United States,* 348 U.S. 121, 140–41, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954). After careful consideration of the defendant's arguments and a review of the record, we find the trial court committed no error upon which to reverse the conviction and we therefore

AFFIRM.