STONE, Judge,
dissenting.
I would reverse on the ground that the trial court erred in instructing the jury,[1] at the state’s request, on the doctrine of “deliberate ignorance.” This is sometimes called an instruction on “willful blindness.”
The authorities relied on by the state hold that a jury may properly find the defendant has “knowledge” of the material facts where he has deliberately chosen to remain ignorant. See Wetzler v. State, 455 So.2d 511 (Fla. 1st DCA 1984); United States v. Aleman, 728 F.2d 492 (11th Cir. 1984); United States v. Rada-Solano, 625 F.2d 577 (5th Cir.), cert. denied, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 482 (1980); United States v. Batencort, 592 F.2d 916 (5th Cir.1979); United States v. Murrieta-Bejarano, 552 F.2d 1323 (9th Cir.1977); United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). See also United States v. McAllister, 747 F.2d 1273 (9th Cir.1984), cert. denied, 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 76 (1985); United States v. Suttiswad, 696 F.2d 645 (9th Cir. 1982); United States v. Mohabir, 624 F.2d 1140 (2d Cir.1980).
The defendant Rodgers was stopped for a traffic infraction; four hundred and sixty-one pounds of marijuana were found in the trunk of the car. His defense was that he owned and operated a licensed courier service which provided for the transportation of vehicles. Rodgers received an order, from a person he knew, on behalf of the car’s owner. The defendant identified both individuals. He was instructed to pick up the vehicle and drive it to Pennsylvania. He was told where to pick it up, that the keys would be under the floor mat, and that the owner’s registration and insurance card would be in the glove compartment. On locating the car, he placed his travel bag in the back seat.
The state relies on a number of facts as evidence that the defendant deliberately closed his eyes to the crime, justifying the charge to the jury. He was the driver and *584 sole occupant of the car. He told Trooper Foote he only knew that the car owner’s name was “Bernie.” He was extremely nervous, and the strong smell of air freshener was apparent. His luggage was in the rear seat of the car, not the trunk, and the rear of the car had been raised with air shocks.
The appellant’s claim that he was innocently picking up and delivering a car was not credible. First, he never had any direct contact with the owner, Bernard McKenna, but rather, the arrangement was made through a friend, Richard Geers. Second, there was no specific agreement as to how the car would be picked up. Third, having never spoken to Bernie, the appellant spent $198 of his own money to fly to Florida to get the car. Fourth, the story that the car was unlocked in a hotel parking lot with the keys under the floor mat was not believable in view of the fact that it would be unlikely that someone with valuable property, (the marijuana), would leave the car unlocked. Fifth, the appellant had a trunk key in his possession, but claimed he had not looked in the trunk.
The issue is not whether these facts will support a conviction, but whether they entitle the state to the additional jury instruction. The instruction is, in essence, a partial definition of “knowingly.” Jewell, 532 F.2d at 703, 704. Wetzler, the only Florida case cited that recognizes the doctrine of “willful blindness,” did not involve a special jury instruction. In that case the doctrine was used in support of a determination that the evidence was sufficient for conviction. In the federal cases relied on by the state, a special instruction to the jury on deliberate ignorance was held to be proper. See Aleman; Batencort; Murrie-ta-Bejarano; Jewell. The danger in giving the instruction is that juries, in constructive possession cases, may be unduly confused and disregard the consideration of scienter. They may be misled into a belief that there is a presumption of guilt, or infer that the defendant was knowingly in possession beyond a reasonable doubt when they may not otherwise have done so. See Murrieta-Bejarano, 552 F.2d at 1325. Even those opinions approving the use of the instruction warn that it should be applied only in rare cases. See Murrieta-Bejarano; Jewell.
It has been suggested that where the instruction is permitted, it should be given only in those cases where there is direct, concrete evidence that the defendant “purposely contrived to avoid learning all of the facts in order to have a defense in the event of subsequent prosecution.” United States v. Pacific Hide & Fur Depot, Inc., 768 F.2d 1096, 1098 (9th Cir.1985). See Murrieta-Bejarano, 552 F.2d 1323, 1326 (Kennedy, J., dissenting). In this case, the driver certainly may have had such an intent. But the instruction in any event should not be used unless the direct evidence supports a conclusion beyond a reasonable doubt that such was the defendant’s purpose. The problem is in determining how much instruction to offer the jury in interpreting the term “knowingly.” The Model Penal Code, which has not been adopted in Florida, provides that knowledge is established if the defendant is aware of the high probability of the existence of a fact constituting an element of the offense. See Jewell at 706-707; § 2.02(7), Model Penal Code.
The trial court in this case went to great lengths to carefully distill the instruction in order to avoid improper application of the standard. However, the jury was apparently still confused. The instructions had to be reread in full twice, and the “deliberate ignorance” instruction reread three times, following which the jury made further inquiry about what constitutes “negligence,” “careless,” or “foolish.”
There is no need for the additional instruction because knowledge of the presence of drugs can be found from the totality of the incriminating circumstances, and may be proven by circumstantial evidence. Cf. Bradshaw v. State, 509 So.2d 1306 (Fla. 1st DCA 1987); Cordle v. State, 435 So.2d 902 (Fla. 1st DCA 1983), rev. denied, 447 So.2d 886 (Fla.1984).
I can discern no reason why the standard jury instruction governing constructive possession would be any less complete here *585 than in any other smuggling case where the defendant expresses surprise at what is found.
For these reasons, in my judgment, the defendant’s conviction should be reversed and the case remanded for a new trial.
BY ORDER OF THE COURT:
ORDERED that Appellant’s Motion for Rehearing is denied. See Andrews v. State, 536 So.2d 1108 (Fla. 4th DCA, 1988) (en banc). This also disposes of the motion for rehearing en banc filed January 13, 1988.

. The jury was instructed:
Now, when knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence unless he actually believes that it does not exist.
So with respect to the issue of this Defendant’s knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed that he possessed marijuana and deliberately and consciously tried to avoid learning that there was marijuana in the automobile in order to be able to say if he should be apprehended that he did not know there was marijuana in the automobile, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.
In other words, you may find that a Defendant acted knowingly if you find beyond a reasonable doubt either one: That the Defendant actually knew that he possessed marijuana, or two: That he deliberately closed his eyes to what he had every reason to believe was the fact.
I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that he was negligent, careless or foolish.