536 So.2d 1108 (1988)
Scott Kenneth ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0570.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
Rehearing Denied, Certification Denied and Stay Denied February 8, 1989.
*1109 Howard M. Zeidwig of Howard M. Zeidwig, P.A., and Douglas J. Glaid of Douglas J. Glaid, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC.

I
This case is being decided en banc as a matter of great public importance so that the trial courts of this district will not make ad hoc decisions, at variance with one another upon the question whether an instruction is to be given to the jury upon the issue of "willful blindness" or "deliberate avoidance of positive knowledge"; and if so, what instruction.
We have considered and rejected the notion that the instruction should not be given at all and address the proper content of the instruction and the circumstances in which it should be given.
The first Florida case discussing the doctrine of willful blindness appears to be Wetzler v. State, 455 So.2d 511 (Fla. 1st DCA 1984). The Wetzler opinion acknowledged the thorough discussion of the doctrine in the federal case of United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). Subsequent federal cases involving the doctrine, listed chronologically, include United States v. Valle-Valdez, 554 F.2d 911 (9th Cir.1977), United States v. Morales, 577 F.2d 769 (2d Cir.1978), United States v. Batencort, 592 F.2d 916 (5th Cir.1979), United States v. Mohabir, 624 F.2d 1140 (2d Cir.1980, United States v. Rada-Solano, 625 F.2d 577 (5th Cir.), cert. denied, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 482 (1980), United States v. Suttiswad, 696 F.2d 645 (9th Cir.1982), United States v. Aleman, 728 F.2d 492 (11th Cir.1984), and United States v. McAllister, 747 F.2d 1273 (9th Cir.1984), cert. denied, 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 76 (1985). A Jewell instruction is generally authorized in the federal courts in prosecutions for importation of or trafficking in controlled substances.
Because the instruction given in the present case was inadequate in contrast to those approved in the above cases, we reverse and remand. Bench and bar are urged to review the above cases for model instructions that are adequate.
The facts in the present case show their factual similarity to the federal cases, and thus the appropriateness of giving a proper instruction on willful blindness. Here, on May 7, 1984, Deputy Roy DeLong was stationed at an airline security point in the Fort Lauderdale International Airport. On that day, he noticed that appellant placed a suitcase on the x-ray machine conveyor belt. Having observed two oval shaped objects in the suitcase, DeLong asked that the suitcase be put through the machine again.
*1110 After the appellant walked through the metal detector machine, DeLong asked him what the two oval objects were. Appellant replied that they were a pair of sneakers. DeLong picked up the suitcase, and asked appellant for identification. Appellant did not have identification. However, the name tag on the suitcase said Clarice P. Andrews, 2 Flanders Lane, Wakefield, Massachusetts. Upon questioning, appellant stated that this name was his mother's.
At that point, DeLong called his supervisor, Sergeant Bret Sagenkahn, who questioned the appellant. After DeLong read appellant his Miranda rights, appellant and the deputies went downstairs to a small sheriff's office in the airport. Appellant was reluctant to speak without an attorney, but eventually, he did consent to talk without an attorney. Eventually, the appellant allowed the deputies to search the suitcase, which contained cocaine.
Prior to trial, appellant testified at the hearing on his motion to suppress that he came to Florida on May 7th to pick up a suitcase in the trunk of a cab at a hotel across from the Fort Lauderdale airport. According to appellant, he was to bring the suitcase back to Massachusetts and place it in a trunk of a car at a dog track. He was to get the money owed to him from the outside pocket of the suitcase.
Appellant further testified that the suitcase was not his; he had not bought the bag nor packed it; and that he did not have the keys to the bag. However, he did testify that he intended to keep possession of the suitcase at all times, and intended to carry it onto the plane.

II
The other aspect of this case did not require en banc consideration; but also requires reversal due to additional harmful error.
Appellant argues that the trial court did not conduct a proper evidentiary hearing on his motion to suppress, in that there was no inquiry respecting the substantive fourth amendment issues involved in the case. According to appellant, the trial court merely determined whether the appellant had standing to challenge the introduction of the evidence. Therefore, appellant contends that the denial of the motion to suppress must be reversed and remanded for a proper evidentiary hearing. We agree.
In the instant case, the trial court denied the motion to suppress before rendition of the Florida Supreme Court's ruling in Dean v. State, 478 So.2d 38 (Fla. 1985) was issued. Prior to Dean, in determining a motion to dismiss, standing was considered separately before the substantive fourth amendment issues. However, in Dean, the Florida Supreme court receded from treating standing as a separate inquiry, and instead, adopted the Rakas[1] analysis that "the determination of whether the proponent of a motion to suppress is entitled to contest the legality of a search and seizure must take into consideration the substantive fourth amendment issues as well as the concept of standing." 478 So.2d at 41.
In the case at bar, during the suppression hearing, the trial judge heard testimony only from the appellant as to the ownership of the bag in question. (Deputy Roy DeLong began his testimony, but was interrupted, and not allowed to continue, because the trial judge made his ruling on the motion to suppress). After hearing that the suitcase was not appellant's, that he had not bought the bag nor packed it, and that he did not have the keys to the bag, the trial judge denied the motion to suppress, on the basis that the appellant did not have standing.
The state argues that this inquiry by the court was sufficient, because it showed that the rights of this particular defendant had not been violated; therefore he cannot challenge the search. Basically, the state is arguing that because the facts *1111 demonstrate that the appellant did not have a possessory interest in the luggage, the trial court was correct in finding that he did not have a legitimate expectation of privacy, and therefore, his motion to suppress was properly denied. However, the state's argument disregards the legal principles enunciated in Dean, Rakas, and United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
In Salvucci, the United States Supreme Court rejected the automatic standing rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), cert. dismissed, 368 U.S. 801, 82 S.Ct. 20, 7 L.Ed.2d 15 (1961).[2] Instead, the Court held that "we must instead engage in a `conscientious effort to apply the Fourth Amendment' by asking not merely whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched." 448 U.S. at 93, 100 S.Ct. at 2553, 65 L.Ed.2d at 629. According to the Court, property ownership is a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, but it is not the definitive factor. Instead, the important focus is whether the rights of a particular individual who has a legitimate expectation of privacy in the invaded place, have been violated. 448 U.S. 91-92, 100 S.Ct. at 2552-53, 65 L.Ed.2d at 628.
In the instant case, contrary to the state's arguments, the trial court did not make a proper inquiry during the motion to suppress. Clearly, the trial court merely determined that the appellant did not have standing to challenge the search, because he did not have the requisite possessory interest in the luggage. However, according to Dean, Rakas, and Salvucci, in a motion to suppress hearing, the standing issue must not be considered separately; instead, it must take into consideration the substantive fourth amendment issues as well as the concept of standing. 478 So.2d at 41.
The trial court, in the instant case, did not hear the testimony of the officers involved in the case. The substantive fourth amendment issues cannot be considered without their testimony. We are cognizant of the holding that a search of a person or his baggage at the security checkpoint for boarding is proper. See United States v. Clay, 638 F.2d 889 (5th Cir.), cert. denied, 451 U.S. 917, 101 S.Ct. 1996, 68 L.Ed.2d 310 (1981). Nevertheless, appellant, in the instant case, is entitled to a proper evidentiary hearing upon his motion to suppress.
HERSEY, C.J., and DOWNEY, LETTS, GLICKSTEIN, DELL and GUNTHER, JJ., concur.
STONE, J., concurs in part and dissents in part with opinion, with which ANSTEAD and WALDEN, JJ., concur.
STONE, Judge, concurring in part and dissenting in part.
The majority opinion authorizes giving a jury instruction on the "deliberate ignorance" of an accused. This is a case of first impression in this state. Wetzler v. State, 455 So.2d 511 (Fla. 1st DCA 1984) did not involve a jury instruction.
The instruction is founded on the principle that a jury may find that a defendant has "knowledge" of the material facts because he has deliberately chosen to remain ignorant of illegal activity that would have been disclosed by further investigation. See Wetzler v. State; United States v. Aleman, 728 F.2d 492 (11th Cir.1984); United States v. Rada-Solano, 625 F.2d 577 (5th Cir.), cert. denied, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 482 (1980); United States v. Batencort, 592 F.2d 916 (5th Cir.1979); United States v. Valle-Valdez, 554 F.2d 911 (9th Cir.1977); United States v. Murrieta-Bejarano, 552 F.2d 1323 (9th Cir.1977); United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). See also United States v. McAllister, 747 F.2d 1273 (9th Cir.1984), cert. denied, 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 76 (1985); United States v. Suttiswad, 696 F.2d 645 *1112 (9th Cir.1982); United States v. Mohabir, 624 F.2d 1140 (2d Cir.1980), disapproved on other grounds, Patterson v. Illinois, ___ U.S. ___, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988).
In my judgment such an instruction is error, regardless of the particular language used. A special instruction on the willful blindness of an accused only encourages a jury to use a "reasonable person" standard in place of a "reasonable doubt" standard. In general, such instructions prove to be confusing, incomplete, and misleading. Additionally, it is an improper comment on the evidence.
Obviously, in this case, there is a factual basis upon which to conclude that the defendant deliberately closed his eyes to a probable crime. The defendant contended that he believed the bag contained money, not drugs. The issue on appeal is not whether the facts supported a conviction, but whether they entitled the state to the additional jury instruction. The instruction is, in essence, a partial definition of "knowingly." See Jewell, 532 F.2d at 703-04.
The recognized danger in giving the instruction is that juries may be unduly confused and disregard the necessary consideration of scienter. There is also concern that a jury might be misled into a belief that there is a presumption of guilt. Jurors could infer that the defendant was knowingly in possession of contraband when they might not otherwise have found so beyond a reasonable doubt. See Murrietta-Bejarano, 552 F.2d at 1325. Even those opinions that approve the use of the instruction warn that it should be applied only in rare cases. See Murrietta-Bejarano; Jewell.
It has been suggested that where the instruction is permitted, it should be given only in those cases where there is actual direct and concrete evidence that the defendant "purposely contrived to avoid learning all of the facts in order to have a defense in the event of subsequent prosecution." United States v. Pacific Hide & Fur Depot, Inc., 768 F.2d 1096, 1098 (9th Cir.1985). See Murrietta-Bajarano, 552 F.2d 1323, 1326 (Kennedy, J., concurring in part and dissenting in part). In this case, the defendant certainly may have had such an intent. But the instruction, even where it is permitted, should not be used unless the direct evidence supports the conclusion beyond a reasonable doubt that such was the defendant's purpose. See United States v. Valle-Valdez.
Mens rea is an essential element in Florida trafficking cases. See, e.g., State v. Dominguez, 509 So.2d 917 (Fla. 1987). The effect of the willful blindness instruction is to increase the risk that the jury will find guilty knowledge by applying a standard of proof which is less than proof beyond a reasonable doubt. There is also an increased risk that they may apply a reasonable man standard, and convict the defendant because he should have known that his conduct was illegal.
The inadvertent effect of accepting the legitimacy of a willful blindness instruction may be a new standard, in which a jury may properly find the element of "knowledge" solely upon evidence that the accused was aware of circumstances that only made the existence of other facts probable, although he had no actual knowledge of such facts. See United States v. Jewell.
There is no compelling need for such an instruction, regardless of how it is worded, because a jury may, in any event, find knowledge of the presence of contraband, beyond a reasonable doubt, from the totality of the proof, including circumstantial evidence. Cf. Bradshaw v. State, 509 So.2d 1306 (Fla. 1st DCA 1987); Cordle v. State, 435 So.2d 902 (Fla. 1st DCA 1983), rev. denied, 447 So.2d 886 (Fla. 1984). I can discern no reason why the standard jury instruction governing constructive possession would be any less complete here than in any other smuggling case where the defendant expresses surprise at what is found.
I do concur in reversing for the balance of the reasons stated in the majority opinion.
NOTES
[1] Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), reh'g denied, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979), in which the United States Supreme Court subsumed the standing requirement under substantive fourth amendment doctrine in determining whether a defendant is entitled to claim the protections of the exclusionary rule.
[2] In Jones, the Court held that defendants who are charged with crimes of possession were not required to establish a legitimate expectation of privacy in the premises searched or the property seized because they were entitled to assert "automatic standing" to object to the search and seizure.