# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS CAMACHO-ONTIVEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-1234-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Tomas Camacho-Ontiveros was convicted by a jury of bulk cash smuggling in violation of 31 U.S.C. § 5332(a) after a vehicle he was driving from the United States to Mexico was found to contain $689,300. The district court sentenced him to 41 months of imprisonment and three years of non-reporting supervised release. Camacho-Ontiveros now appeals his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50238

In his first issue on appeal, Camacho-Ontiveros argues that there was insufficient evidence to support his conviction.  Any individual transporting into or out of the United States money in an amount greater than $10,000 is required to file a report as prescribed by the Secretary of the Treasury.  *See* 31 U.S.C. § 5316.  To establish a violation of § 5332(a), the Government had to prove beyond a reasonable doubt that Camacho-Ontiveros: (1) knowingly concealed more than $10,000 in U.S. currency in his vehicle; (2) attempted to transport the U.S. currency from a place in the United States to a place outside the United States; (3) knew that a report was required to be filed with the Secretary of Treasury for the attempted transport of amounts $10,000 or greater; and (4) intended to evade filing such a report.  *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases) § 2.105 (2015).

In considering the sufficiency of the evidence, we evaluate all evidence, "whether circumstantial or direct, in the light most favorable to the [g]overnment[,] with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (per curiam) (alterations in original) (internal quotation marks omitted).  The jury may choose among any reasonable constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).  We will uphold the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Camacho-Ontiveros first argues there was insufficient evidence that he knowingly concealed money in his vehicle.  We disagree.  For starters, Camacho-Ontiveros lied about when he entered the United States the day of his arrest and did not account for several hours of his day.  Moreover, even

2

after the money was found in his vehicle and he was handcuffed, Camacho-Ontiveros remained calm and asked no questions. Further, he did not have any regular pattern of crossing into and out of the United States, and there was no GPS tracking device found on his vehicle. It is implausible that an unknown person concealed $689,300 in Camacho-Ontiveros's vehicle without any reliable way of tracking it. A rational juror thus could have reasonably inferred from the facts adduced at trial that Camacho-Ontiveros knowingly concealed the bulk cash in his vehicle. *See United States v. Villarreal*, 324 F.3d 319, 324–-25 (5th Cir. 2003); *United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998), *abrogated on other grounds by Vargas-Ocampo*, 747 F.3d at 301 n.2; *United States v. Colmenares-Hernandez*, 659 F.2d 39, 41–42 (5th Cir. 1981).

Next, Camacho-Ontiveros argues there was insufficient evidence that he was aware of § 5316's reporting requirement and intended to evade it. In moving for a judgment of acquittal in the district court, Camacho-Ontiveros made no mention of these elements. Accordingly, he waived any challenge to the sufficiency of this evidence, and "our review is limited to determining whether . . . the record is devoid of evidence pointing to guilt." *United States v. Herrera*, 313 F.3d 882, 884–85 (5th Cir. 2002) (en banc) (per curiam) (internal quotation marks omitted).

When specifically asked, Camacho-Ontiveros told the officer who initially questioned him that he was not carrying more than $10,000 with him. He told that same officer that he was aware that it was illegal to bring more than $10,000 across the border, and he reiterated that he was not carrying more than $10,000 with him. Although the officer may have misstated the law by telling Camacho-Ontiveros it is illegal to transport more than $10,000 across the border rather than telling him it is illegal to transport more than

No. 18-50238

$10,000 *without reporting it*, the officer's statements and questions informed Camacho-Ontiveros that he needed to let officials know that he was carrying bulk cash.  Despite the evidence that he knew there was bulk cash in his vehicle, Camacho-Ontiveros consistently denied having more than $10,000 with him.  Even if review of this issue were de novo, a rational juror could reasonably infer from these facts that Camacho-Ontiveros knew there was a reporting requirement and that he purposefully failed to fulfill that requirement.  FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases) § 2.105 (2015) ("The intent to evade the reporting requirement can arise at any time prior to (and including) the moment of [attempted] transportation.").

In his second issue on appeal, Camacho-Ontiveros argues the district court erroneously admitted expert testimony from a DEA agent explaining how drug-trafficking organizations work.  In the district court, Camacho-Ontiveros argued the testimony was irrelevant.  The district court concluded otherwise because the expert testimony helped the jury understand whether Camacho-Ontiveros knowingly transported bulk cash.  That was not an abuse of discretion.  *See* FED. R. EVID. 702; *United States v. Ramos-Rodriguez*, 809 F.3d 817, 825–26 (5th Cir. 2016) (per curiam); *United States v. Montes-Salas*, 669 F.3d 240, 248–50 (5th Cir. 2012).

Invoking Federal Rule of Evidence 403, Camacho-Ontiveros also argues that the prejudice created by the expert testimony outweighed any relevance it had.  This issue was not raised by Camacho-Ontiveros in the district court and is arguably reviewable only for plain error.  *See United States v. Valas*, 822 F.3d 228, 240 (5th Cir. 2016); *United States v. Williams*, 343 F.3d 423, 434 (5th Cir. 2003).  Under any standard, however, we conclude that the expert testimony was not unduly prejudicial because there was sufficient evidence to support Camacho-Ontiveros's conviction even without that testimony.

4

No. 18-50238

Because the district court did not err in admitting the testimony, we do not reach the argument that the jury instruction on expert testimony was insufficient to cure the alleged error.

AFFIRMED.