**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose ASCOLANI–GONZALEZ,
Defendant-Appellant.**

**No. 71–1042.**

United States Court of Appeals,
Ninth Circuit.

Sept. 23, 1971.

Rehearing Denied Nov. 15, 1971.

John Moran, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim.Div., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

On July 3, 1970, appellant was apprehended while attempting to enter the United States from Mexico. The car which appellant was driving contained approximately 150 pounds of marihuana, secreted in a hidden compartment.

Appellant was subsequently convicted on two counts of violating 21 U.S.C. § 176a: (1) knowingly smuggling 150 pounds of marihuana into the United States with intent to defraud the United States; (2) knowingly receiving, concealing, and facilitating the transportation and concealment of the same with intent to defraud the United States.

On appeal, appellant disputes his knowledge of the presence of the marihuana and contests the sufficiency of the evidence in this respect to support conviction.

This court has consistently held that the question of the occupant's knowledge is particularly within the jury's province, and that once this determination is made, the reviewing court should not disturb the finding where there is a substantial basis for the jury's inference. *See* United States v. Guzman, 446 F.2d 1137 (9th Cir. 1971). The act of driving

a car laden with concealed contraband provides such a substantial basis. *Id*; Eason v. United States, 281 F.2d 818 (9th Cir. 1960).

Affirmed.