**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leopoldo Avila GONZALEZ, Defendant-Appellant.**

**No. 71-2452.**

United States Court of Appeals, Ninth Circuit.

March 13, 1972.

Rush G. Glick, El Cajon, Cal., for defendant-appellant.

Harry Steward, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Border officials at Calexico, California, discovered substantial amounts of marijuana and heroin secreted in an automobile driven by Avila-Gonzalez, the appellant. A jury found him guilty on two counts of violating 21 U.S.C. § 174 and two counts of violating 21 U.S.C. § 176a. He received four concurrent five-year sentences. We affirm the conviction.

Appellant testified that he had borrowed the car from a friend and that he had no knowledge of the contraband until the border officials discovered it. He challenges the sufficiency of the evidence to support the conviction. Numerous decisions in this circuit hold that knowing possession may be inferred from the act of driving a narcotics-laden automobile across the border. *See, e.g.,* United States v. Ascolani-Gonzalez, 449 F.2d 159 (9th Cir.1971) ; Eason v. United States, 281 F.2d 818 (9th Cir.1960).

■ Appellant questions the applicability of the statutory presumption [21 U.S.C. § 174] to situations in which some doubt exists about the issue of knowing possession. Once the jury determines that a defendant knowingly possessed the heroin, it can legitimately apply the statutory presumption of § 174. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 2 L.Ed.2d 610 (1970). We see no reason why the presumption should not apply with equal force when the element of possession is demonstrated by circumstantial rather than direct evidence.

■ The appellant also claims that the Constitution guarantees him a jury composed at least in part of Mexican-Americans. A criminal defendant has no constitutional right to a proportionate number of his race or ethnic group on the jury that tries him. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Appellant did not allege there was any systematic exclusion of Mexican-Americans from the jury panel.

The conviction is affirmed.