**UNITED STATES of America, Appellee,**

v.

**Jerry SEIDMAN, Appellant.**

**No. 74–1975.**

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1974.

Benjamin Lazarow (argued), Tucson, Ariz., for appellant.

Christopher L. Pickrell, Asst. U. S. Atty., (argued), Tucson, Ariz., for appellee.

OPINION

Before BARNES and CARTER, Circuit Judges, and LINDBERG,* District Judge.

* Honorable William J. Lindberg, Senior District Judge, Western District of Washington, sitting by designation.

BARNES, Senior Circuit Judge:

Defendant, with a female passenger, arrived at the Lukeville, Arizona point of entry from Mexico on October 22, 1973, driving a Dodge pickup camper pulling a house trailer. A border inspector detected the faint odor of marijuana at the rear of the house trailer. The trailer was searched and 524 pounds of marijuana was found in a compartment of the trailer behind shelves and between a masonite board and the trailer shell. There was no other access to the compartment. The marijuana was green and moist.

Appellant was convicted on two counts (possession of marijuana with intent to sell, and importation thereof), and sentenced to concurrent similar sentences.

On appeal, appellant urges three errors:

*First*, the refusal of the trial judge to strike the entire jury panel of veniremen;

*Second,* in refusing to admit a newspaper ad in evidence;

*Third,* insufficiency of the evidence.

We find no merit in any error urged. (1) The motion to strike the jury panel was based on overheard conversations outside the courtroom between two or three prospective jurors, allegedly overheard by two more. Upon hearing of the conversations, the trial judge had defense counsel identify the jurors, and the court interviewed each of the five jurors, individually, in chambers, in the absence of either counsel, but with the court reporter present. The court apparently found statements were about drugs, but non-prejudicial to defendant. Nevertheless, the judge authorized defense counsel to strike for cause any of the five jurors called as a member of the jury panel. All were called, and *all were excused by defense counsel for cause.*

We hold there was no error in the court's refusal to strike the entire panel, and no prejudice to defendant existed with respect to this ruling. United States v. Klee, 494 F.2d 394 (9th Cir. 1974), reh. den. May 1, 1974.

(2) The newspaper ad (Exhibit KK) was from the San Francisco paper offering to rent a trailer. It was cumulative to the testimony of witness Hightower, the owner of the storage business where the trailer allegedly was stored. It could not corroborate the defendant because he did not testify. There was a lack of foundation to show either its relevancy or materiality. It was offered and received at the first trial of defendant[1] without objection. At the trial the witness Hightower did not testify. Appellant urges there was a waiver of the government's right to object, but cites no cases to support his thesis. McCormick on Evidence (1954) at 117, cited by appellant, states the general rule to be against appellant's position.

(3) Appellant's final point is that there was no proof the defendant knew there was marijuana in the trailer, because the marijuana odor was "very light." However, appellant was admittedly driving the vehicle pulling the trailer over at least some 1,000 miles from San Francisco, and some 740 miles from and to Guaymas, where defendant said he had been. From the fact of his being the driver, an inference arises that he knew what was in the vehicles. United States v. Hood, 493 F.2d 677, 681 (9th Cir. 1974), reh. den. April 30, 1974; United States v. Castillo-Burgos, 501 F.2d 217 (9th Cir. 1974); United States v. Ramos, 476 F.2d 624, 625 (9th Cir. 1973); United States v. Dixon, 460 F.2d 309 (9th Cir.), cert. denied 409 U.S. 864, 93 S.Ct. 157, 34 L.Ed.2d 112 (1972); and United States v. Ascolani-Gonzales, 449 F.2d 159 (9th Cir. 1971). Entirely aside from the inference, there

---

1. This trial ended in a jury disagreement.

was other circumstantial evidence that appellant knew of his load.

Consequently, viewing the evidence in the light most favorable to the government, as we must on this or any appeal, we find no merit in the claimed insufficient evidence.

Affirmed.