**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eduardo CASTILLO–BURGOS, Defendant-Appellant.**

**No. 74–1519.**

United States Court of Appeals, Ninth Circuit.

July 26, 1974.

Certiorari Denied Nov. 11, 1974.

See 95 S.Ct. 330.

Mary V. O'Hare, Deputy Federal Defender (argued), San Diego, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty., (argued), San Diego, Cal., for plaintiff-appellee.

## OPINION

Before CARTER and TRASK, Circuit Judges, and WHELAN*, District Judge.

JAMES M. CARTER, Circuit Judge.

This is an appeal from the judgment of conviction for importation of marijuana into the United States in violation of 21 U.S.C. §§ 952, 960, and 963, and for possession with intent to distribute in violation of 21 U.S.C. § 841(a). We affirm the conviction, but vacate the sentence and remand for resentencing.

Defendant was sentenced to the custody of the Attorney General for five years, to be confined for six months with the remainder of the sentence to be suspended, and placed on five years probation. In addition, the district court ordered him to be permanently deported.

On November 13, 1973, defendant entered the United States at the Tecate entry, driving a Ford truck with California plates. Inspection of the vehicle revealed a metal compartment built underneath the bed of the truck. Inside the compartment, customs agents found 86 brick-shaped packages containing marijuana. Defendant claimed to have had no knowledge that the vehicle contained marijuana.

He contends on appeal that: (1) the district court erred in instructing the jury that they could infer from the defendant's driving a contraband-laden vehicle that he knew that it contained contraband; and (2) the district court exceeded its authority in ordering that the defendant be permanently deported.

### Jury Instruction

The challenged instruction read as follows:

"You are instructed that if you find that the defendant was the driver and sole occupant of the automobile containing the contraband in this case and if you find that the marijuana was found inside that automobile and concealed in its body, you may infer from these two facts that the defendant knew the marijuana was in the automobile. However, you are never

---

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw."

The instruction properly states the law of this circuit that knowledge may be inferred from the fact that the defendant was driving or was otherwise in control of a contraband-laden vehicle. United States v. Ramos (9 Cir. 1973) 476 F.2d 624, 625; United States v. Dixon (9 Cir. 1972) 460 F.2d 309; United States v. Ascolani-Gonzalez (9 Cir. 1971) 449 F. 2d 159.

The defendant contends, however, that the instructions should have *specifically* directed the jury to disregard the inference of knowledge if they believed the defendant's testimony. The only support for this contention is Freije v. United States (1 Cir. 1967) 386 F.2d 408, 410. *Freije* is distinguishable from the present case, and in any event is not controlling in this circuit.

In *Freije,* the defendants were car salesmen who constantly came into possession of vehicles as part of their job. They possessed many cars on a continuing basis and could not reasonably be expected to have complete knowledge of the source of each one. Under these special circumstances, the First Circuit believed that the traditional inference of knowledge by mere possession was weakened when the salesmen possessed stolen cars as employees of a car sales business. 386 F.2d at 410–411. The court therefore held that an additional instruction that the defendant's explanation of his possession must be disbelieved before the usual inference could be drawn, was required.

In the present case, there were no such special circumstances requiring an additional instruction. Possession was not the casual possession of an inventory item as in *Freije.*

Counsel for defendant further contended at oral argument that the inference instruction violated due process because there was no rational relationship between the facts proved and the ultimate facts inferred, citing Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). This contention was raised neither in the court below nor in the briefs on appeal. Furthermore, *Tot* is easily distinguishable from this case.

In *Tot,* the Supreme Court struck down a statutorily created *presumption* that, from a defendant's prior conviction of a crime of violence and present possession of a firearm, it shall be presumed that the article was received in interstate or foreign commerce, and that the receipt occurred after the effective date of the statute. The Court held that "reason and experience" did not support the presumption. 319 U.S. at 467, 63 S. Ct. at 1244.

In the present case, the permissible inference, unlike the mandatory presumption in *Tot,* is clearly supported in reason and experience. It would be perfectly reasonable for a rational juror to infer from a driver's presence within and his dominion and control over the vehicle, that he has knowledge of contraband within it, particularly since he had the registration papers in his possession. *Ramos, Dixon,* and *Ascolani-Gonzalez, supra,* implicitly so held.

### Deportation Sentence

The district court ordered the defendant permanently deported at the expiration of the six months prison term. Defendant contends that the sentence constituted cruel and unusual punishment in violation of the eighth amendment, and also exceeded the authority of the district court. Since we agree that the district court exceeded its authority, we do not reach the question of the validity of the sentence under the eighth amendment.

█ Congress has enacted laws governing the admission, expulsion, and deportation of aliens, 8 U.S.C. §§ 1181–1255. Those laws delegate authority to order deportation to the Attorney General and not to the judiciary. 8 U.S.C. §§

1251–1255. Nowhere in this detailed statutory scheme is there a provision for a court to deport aliens sua sponte. Therefore, the sentence must be vacated and remanded for resentencing. Upon remand, the district court may impose a condition of probation that *if* the defendant is deported, he may not return to the United States without proper papers.

The judgment of conviction is affirmed, but the sentence is vacated and the case remanded for resentencing.