**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wendall Allen CAMPBELL,**
**Defendant-Appellant.**

**No. 74–2362.**

United States Court of Appeals,
Ninth Circuit.

Dec. 5, 1974.

---

J. David Franklin (argued), San Diego, Cal., for defendant-appellant.

William Bower, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and WEIGEL,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge.

Defendant Wendall Allen Campbell appeals from the judgment of conviction after a jury trial, of illegally importing and knowingly possessing with intent to distribute 151.2 grams of heroin, and illegally importing 1.2 grams of cocaine, in violation of 21 U.S.C. §§ 952 and 841(a)(1). The defendant's contentions on appeal which merit discussion are:

I. Whether the evidence was sufficient to sustain the convictions.

II. Whether, under the circumstances of this case, the court was correct in instructing the jury that they may infer knowledge from defendant's driving the contraband-laden vehicle.

III. Whether the trial court properly advised the jury of the manner in which the trial was to proceed after the granting of the co-defendants' motions for judgment of acquittal. We affirm.

## FACTS

On January 19, 1974, the defendant's mother loaned him her 1973 Cadillac Eldorado. He told her that he wanted the vehicle to pick up his daughter who lived some 20 miles away. This was not true.

At approximately 2:20 p. m. on January 22, 1974, the defendant and his three co-defendants entered the United States at the San Ysidro port of entry in the same 1973 Cadillac. All four told the Customs Inspector that they had nothing to declare, and said that they had been in Mexico celebrating one of the passengers' birthday.

Customs Inspector Villegas asked the defendant to open the trunk of his car. The trunk was opened from the inside, but as the defendant walked toward the trunk carrying his keys, Villegas noticed his hands shaking or trembling.

The defendant told Villegas that he worked for the Los Angeles County Probation Department. When asked for identification, the defendant produced a

---

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

probation department card, but with someone else's name on it. The defendant said that the card belonged to one of his associates. When pressed about his employment, however, he said that he no longer worked for the probation department and had not worked for them for about a year. He had been unemployed since then.

Inspector Villegas waved the car on, but immediately called for it to stop when he noticed one passenger's hand trembling and another's neck pulsating very rapidly. When he looked in the car, all of the passengers were looking in his direction, but their eyes were not making contact with his.

Once at the secondary inspection area, needle tracks were discovered on the arms of the two female passengers, and one of them said she "shoots coke." The car was inspected and the narcotics found under the dashboard above the radio.

At trial, one of the agents testified as to the street value of the narcotics. The value was shown to be about $30,000. At the trial, at the close of the prosecution's case, the court granted (outside of the jury's presence) motions for judgment of acquittal by the three co-defendants, and dismissed three conspiracy counts against the defendant. The trial continued as to the defendant, and he was convicted. This appeal ensued.

## I.

 *The Evidence was Sufficient to Sustain the Conviction.*

## II.

*The Court was Correct in Instructing the Jury That They Might Infer Knowledge from the Defendant's Driving the Contraband-Laden Vehicle.*

We consider contentions I and II together.

We do not reach the question as to whether the evidence was sufficient to support the conviction *without* the inference available from the court's instructions.

The court instructed the jury as follows:

"You are instructed that if you find that the Defendant, WENDALL ALLEN CAMPBELL, was the driver of the 1973 Cadillac El Dorado automobile and if you find that the heroin and cocaine were inside the Cadillac automobile or concealed in its body, then you may infer from these two facts—well, all other facts in the case, that the Defendant, WENDALL ALLEN CAMPBELL, knew the heroin and cocaine were in the automobile, but you must find actual knowledge that the heroin and cocaine were in the vehicle at the time it was driven into the United States as that is an essential element of the offense charged. You may not find the Defendant guilty unless you find beyond a reasonable doubt that he knew either heroin or cocaine were in the automobile at the time that it was driven into the United States." [1]

It is unquestioned that such an instruction is proper where the defendant was the sole occupant of the car, *see, e. g.,* United States v. Castillo-Burgos, 501 F.2d 217 (9 Cir. 1974), cert. den., —— U.S. ——, 95 S.Ct. 330, 42 L.Ed.2d 284 (1974). The propriety of the instruction where a number of occupants of the car could have placed the contraband therein is not as clear. However, in United States v. Fallang and Durgin, 439 F.2d 685 (9 Cir. 1971) and Eason v. United States, 281 F.2d 818 (9 Cir. 1960), convictions based on such an inference were upheld where either of two occupants *could have* concealed the contraband without the other's knowledge. The

---

1. Counsel for the defendant objected to the instruction but did not suggest any modifying language to the effect that the jury was not *required* to draw the inference. Had such suggestion been made it would have been proper to add the cautionary language. *See*

United States v. Bagby, 451 F.2d 920, 929 (9 Cir. 1971). But objection alone is not sufficient. If counsel is dissatisfied with an instruction he must point out specifically what he contends is lacking.

courts found in each case that even if the defendant personally had not concealed the contraband, the joint nature of the venture supported an inference that the defendant had both knowledge of and control over contraband concealed by a companion.

■ In the present case, it is possible, as the defendant contends, that one of the other passengers concealed the drugs beneath the dashboard without his knowledge. However, the proximity of the drugs to the driver (the defendant), the friendship and joint nature of the venture, the testimony that the defendant, like the others, appeared to be nervous, and the defendant's complete control of the car, at least warranted the giving of an instruction that the jury *may* infer the defendant's knowledge of the contraband. The evidence was "sufficient to warrant a reasonable jury finding beyond reasonable doubt that possession was joint." *Eason, supra,* at 821.

■ It is true, as the defendant contends, that the instruction did not "make it clear that the jury is not required to draw either inference, and that the permissible inferences do not shift the burden of proof nor require the possessing defendant to testify or come forward with evidence," United States v. Bagby, 451 F.2d 920, 929 (9 Cir. 1971). *And see* the instruction approved in *Castillo-Burgos, supra.* However, the court made it quite clear that the jury must find knowledge that the contraband was concealed in the car beyond a reasonable doubt, and *twice* instructed the jury that mere presence at the scene and knowledge that a crime was being committed were not sufficient to establish guilt. Since it was necessary to find both a

joint venture and knowledge, such a finding would also readily support a finding of joint possession.

## III.

*There was no Error in Advising the Jury of the Manner in Which the Trial was to Proceed After the Granting of the Codefendant's Motion for Judgment of Acquittal*

We cannot say that the court committed plain error. Everything the court did, including its explanation to the jury of what had happened, was entirely proper.[2]

■ Defendant contends on appeal that the trial court should have given an instruction making it "perfectly clear" that no implication with respect to the defendant's guilt was intended in granting the co-defendant's motions for acquittal. No such instruction was requested by defense counsel. The failure to give the desired instruction cannot be considered plain error in light of the very fair and neutral statement actually made and the detailed and accurate instructions given by the trial court at the end of the trial. If the defendant was guilty, then probably all of the others were also guilty. But the court's decision to acquit the others does not render a jury verdict against the defendant any the less valid, where a properly instructed jury found him guilty beyond a reasonable doubt.

Defendant's other contentions are without merit. We note his contention that Inspector Villegas intentionally misstated the facts, thereby denying him due process. From a reading of all of the relevant testimony, the argument in the defendant's brief is grossly overstat-

---

2. After the jury was seated, the court made the following statement to the jury:

"As I told you at the outset there were matters that had to be taken up out of the presence of the jury and as a result, there are certain matters that have been concluded with respect to Defendants Moore, Newsome and McReynolds and therefore, the only defendant here on trial now is the Defendant Campbell. Also, with regard to

the counts in the indictment, which I will be alluding to in my instructions, Counts 1, 3 and 5, three conspiracy counts, are no longer available for your consideration.

"The only counts you will be considering will be Counts 2, 4 and 6, the importation counts, the possession with intent to distribute counts as to the heroin and possession with intent to distribute counts as to the cocaine."

ed. The minor inconsistencies in Villegas' testimony are quite understandable and were for the jury to weigh. Obviously, the jury did not find them to be significant.

Judgment affirmed.