**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus Dario MURRIETA–BEJARANO,
Defendant-Appellant.**

No. 76–2855.

United States Court of Appeals,
Ninth Circuit.

March 21, 1977.

Rehearing and Rehearing En Banc
Denied April 29, 1977.

**1324**

Tom O'Toole, Federal Public Defender, Bernardo P. Velasco, Asst. Federal Public Defender, Tucson, Ariz., argued, for defendant-appellant.

Ron Jennings, Asst. U.S. Atty., Tucson, Ariz., argued, for plaintiff-appellee.

Before DUNIWAY, CHOY and KENNEDY, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

Murrieta appeals from a judgment of conviction of importation and of possession of marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1). We affirm.

### FACTS

At the Sasabe, Arizona, port of entry, Murrieta, the driver and sole occupant of a pickup truck, attempted to cross the border. He was nervous and was unable to present any vehicle registration. A search revealed a compartment under the bed of the truck containing 138 pounds of marijuana.

Murrieta told the customs inspector that the truck belonged to his employer, a rancher named Caraveo, and that he had been instructed to drive it to the first gas station in Tucson to meet a cousin of his employer. The cousin was to take Murrieta to visit his uncle and then to take charge of the truck and to return it and a refrigerator to Murrieta later that evening. Murrieta was then to deliver the truck and refrigerator to his employer in Mexico. Murrieta first said that he did, and then that he did not, know or suspect that the truck contained marijuana.

The trial court denied Murrieta's motion for a directed verdict of acquittal. Over Murrieta's objection, the trial court gave the jury a *"Jewell"* instruction.[1]

### I.

■ The trial court properly denied Murrieta's motion for acquittal. Because Murrieta was the driver and sole occupant of the truck, the jury could properly infer that he knew about the marijuana. *United States v. Campbell*, 9 Cir., 1974, 507 F.2d 955, 957; *United States v. Castillo-Burgos*, 9 Cir., 1974, 501 F.2d 217. Thus, the denial of the motion for a judgment of acquittal was proper. *United States v. Figueroa-Paz*, 9 Cir., 1972, 468 F.2d 1055, 1058.

### II.

Murrieta's challenge to the *Jewell* instruction, which allowed the jury to find the requisite knowledge if Murrieta deliberately remained ignorant of the presence of the marijuana, has more merit. In *United States v. Jewell*, 9 Cir., 1976, *in banc*, 532

---

1. The following instruction was given by the trial court:

"[A]n act is done knowingly if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason. The purpose of adding the word 'knowingly' was to insure that no one would be convicted for acts done because of an omission or failure to act due to mistake or accident or other innocent reason.

The Government can complete their [*sic*] burden of proof by proving beyond a reasonable doubt that the Defendant was aware of a high probability of the existence of a controlled substance in the vehicle he was driving when he entered the United States.

Thus, if you find beyond a reasonable doubt that the Defendant was not actually aware that *there was marijuana in the vehicle he was* driving when he entered the United States, but that the only reason he did not learn it was because he deliberately chose not to learn for the very purpose of being able to assert his ignorance if he was discovered with the controlled substance in his possession, then you may find that he had the full equivalent of knowledge because his self-imposed ignorance cannot protect him from criminal responsibility.

If, however, you find that the Defendant actually believed that what was in the vehicle was not a controlled substance, then you must acquit the Defendant." (Rep. Tr. 95–95a)

F.2d 697, 704, n. 21, we held that when such an instruction is proper, the jury should be told "(1) that the required knowledge is established if the accused is aware of a high probability of the existence of the fact in question, (2) unless he actually believes it does not exist." The instruction given in this case conformed to these requirements.

■ The basic question is whether the *Jewell* instruction should have been given at all. The government argues that it is proper to give it in every case in which a defendant claims that he did not know the contraband was there. Murrieta argues for a more limited use, and we agree with his position. The *Jewell* instruction should not be given in every case where a defendant claims a lack of knowledge, but only in those comparatively rare cases where, in addition, there are facts that point in the direction of deliberate ignorance.

The effect of a *Jewell* instruction in a case in which no facts point to deliberate ignorance may be to create a presumption of guilt. Although no evidence indicates a defendant's conscious purpose to avoid learning the truth, a jury, given the *Jewell* instruction, might infer that the defendant possessed "knowledge" when it would not otherwise have done so. A particular defendant may not have deliberately remained ignorant and yet not have affirmatively believed that—for example—the truck did not contain drugs. He might simply not have known one way or the other without any effort on his part to avoid learning the truth.

■ Although in this case the question is close, we think that there were sufficient facts to justify the instruction. Murrieta, according to his version, had been told to drive to a gas station in Tucson to meet his employer's cousin. The cousin was to drop him downtown so that he could visit his uncle, who allegedly worked on a nearby poultry farm. The owner of the poultry farm, at which Murrieta's uncle supposedly worked, testified that the uncle was no longer employed there, and he had last seen the uncle sometime the year before. The uncle did not testify. After the visit, the cousin was to return with the truck and a refrigerator which Murrieta was then to take to his employer in Mexico. He was not expected to help load the refrigerator. His earnings were about $8.00 per day, but he carried Mexican money worth over $100.00. He said part of it was to be used to pay a bribe to Mexican customs officials on his return. He also testified that he did not know and had never inquired about the source of the refrigerator. He had never asked whether there were any other reasons for the trip. In addition, he and his employer had made a similar refrigerator-transporting trip two weeks before his arrest. At that time, the employer had also driven a "Safari" vehicle to Tucson for repairs, although the repairs could have been done in Mexico. Finally, Murrieta had spent his entire life within a two-hour drive of the border and was aware of the drug traffic between the two countries. He showed no surprise when the marijuana was found.

We conclude that sufficient facts had been established to indicate that Murrieta may have deliberately chosen to remain ignorant of the real purpose of the trip. On that basis, a *Jewell* instruction was proper.

Affirmed.

KENNEDY, Circuit Judge, concurring in part and dissenting in part:

While concurring in Part I of the opinion, I would hold that it was error to give the *Jewell* instruction on these facts.

The majority makes a commendable attempt to limit use of the instruction by confining it to the rare case. But this case should not be so characterized. The prosecution offered no proof, either in its case in chief or on rebuttal, that would show that the defendant, in order to concoct a defense to potential criminal charges, deliberately chose to avoid learning about the contraband. The willful blindness theory was injected into the case only during the prosecution's closing argument. The facts cited by the majority to justify the instruction are consistent with a finding that the defendant was fully aware of the nature of

**1326**

his cargo; indeed, the case was tried on that theory.

The *Jewell* instruction should not be given unless the evidence can sustain a finding, beyond a reasonable doubt, that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of being arrested and charged. To permit the *Jewell* instruction here is to permit it in any number of smuggling cases. The danger is that juries will avoid questions of scienter and convict under the standards analogous to negligence. Such convictions are wholly inconsistent with the statutory requirement of scienter. For these reasons, I would reverse.