863 F.2d 886
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel ALBERICI-CERVANTES, Defendant-Appellant.
 No. 88-5136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1988.
Decided Nov. 16, 1988.
 Before FLETCHER, ALARCON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Daniel Alberici-Cervantes was convicted of importation of a controlled substance, 21 U.S.C. Secs. 952 and 960 (1982 & Supp. IV 1986), and possession of a controlled substance with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1982), after attempting to drive from Mexico into the United States with 57 pounds of marijuana under the hood of his car. He contends that the trial court committed reversible error in instructing the jury that they could, but need not, infer his knowledge of the marijuana's presence from the fact that he was the driver of the car.
 
 
 3
 In United States v. Castillo-Burgos, 501 F.2d 217 (9th Cir.), cert. denied, 419 U.S. 1010 (1974), we upheld a nearly-identical instruction in a nearly-identical situation. We stated that "[t]he instruction properly states the law of this circuit that knowledge may be inferred from the fact that the defendant was driving or was otherwise in control of a contraband-laden vehicle." 501 F.2d at 219. Permitting the jury to draw such an inference is particularly appropriate where, as here, the defendant was also the owner and sole occupant of the vehicle.
 
 
 4
 The instruction does not, as appellant claims, impermissibly shift to him the burden of proof as to knowledge, an element of the charged crime. See Sandstrom v. Montana, 442 U.S. 510 (1979). A Sandstrom error arises only where a jury instruction creates a presumption shifting the burden of proof. Evans v. Lewis, 855 F.2d 631, 635 (9th Cir.1988). Where, as here, the instruction merely allows the jury to draw an inference, the instruction is erroneous "only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Francis v. Franklin, 471 U.S. 307, 314-15 (1985). Alberici-Cervantes conceded that he was the driver, owner, and sole occupant of the car containing the marijuana; the inference that he knew the marijuana was under the hood hardly offends common sense.
 
 
 5
 Alberici-Cervantes also claims that the instruction should not have been given because he presented evidence indicating that the car was not in his exclusive control prior to his arrest. While this evidence may weaken the inference of knowledge, it does not render the inference unreasonable. The instruction was proper. Id.; Evans, 855 F.2d at 635.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3