967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose LUIS-RAMIREZ, Defendant-Appellant.
 No. 91-30175.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis-Ramirez appeals his conviction for conspiracy to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841. He contends that the district court erred in its jury instructions on knowledge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Luis-Ramirez contends that the district court misled the jury by instructing both that knowledge was an element of the charged crimes and that "[t]he government is not required to prove that the defendant knew that his acts or omissions were unlawful."
 
 
 4
 We review jury instructions "for an abuse of discretion, considering the instructions as a whole and evaluating the adequacy of the entire charge in the context of the whole trial." United States v. Smith, 891 F.2d 703, 708 (9th Cir.1989), amended, 906 F.2d 385 (9th Cir.), cert. denied, 111 S.Ct. 47 (1990). If the defendant is charged with conspiracy, the government must prove that he knowingly entered the conspiracy. United States v. Negrete-Gonzales, Nos. 90-30306 and 90-30318, slip op. 6115, 6125 (9th Cir. June 2, 1992); United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991) (knowledge of the objective of the conspiracy is an essential element of a conspiracy conviction). Knowledge is also an element of the crime of possession with intent to distribute cocaine. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). Knowledge does not, however, mean knowledge of the law. See United States v. O'Mara, No. 90-50632, slip op. 5333, 5343 (9th Cir. May 8, 1992) ("the criminal law does not generally require that the prosecution prove that the defendant knew of the law rendering his acts criminal"). Accordingly, the instructions accurately stated the law and therefore were not misleading. See Smith, 891 F.2d at 708.
 
 
 5
 Luis-Ramirez also contends that the district court erred by giving a jury instruction on deliberate ignorance of criminal activity pursuant to United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976).
 
 
 6
 We review for plain error because Luis-Ramirez did not object to this instruction below. See United States v. Jerome, 942 F.2d 1328, 1331 (9th Cir.1991). " 'The Jewell instruction should not be given in every case where a defendant claims a lack of knowledge, but only in those comparatively rare cases where, in addition, there are facts that point in the direction of deliberate ignorance.' " United States v. Sanchez-Robles, 927 F.2d 1070, 1073 (9th Cir.1991) (quoting United States v. Murrieta-Bejarano, 552 F.2d 1323, 1325 (9th Cir.1977)). An improperly given Jewell instruction requires reversal unless it was harmless beyond a reasonable doubt because the evidence was "so overwhelming as to require a guilty verdict." Id. at 1075.
 
 
 7
 Here, Detective Tom Padukiewicz testified that he bought cocaine from a person named Ramon. Ramon said he had a source for larger quantities of cocaine, and he and Padukiewicz set up a meeting. Luis-Ramirez drove Ramon to the meeting. Ramon came over and sat in Padukiewicz's car and told him Luis-Ramirez would supply two kilograms of cocaine. Meanwhile, Luis-Ramirez made some calls at a pay telephone. Almost one hour later, he received a return call. He and Ramon conferred in Spanish, and then Ramon told Padukiewicz that Luis-Ramirez could supply only one kilogram of cocaine.
 
 
 8
 Padukiewicz and Ramon followed Luis-Ramirez to another location. Luis-Ramirez retrieved a cardboard carton of Coca-Cola from another man, who was sitting in a parked car. Luis-Ramirez handed the carton to Ramon, who handed it to Padukiewicz. When Padukiewicz asked Luis-Ramirez if the cocaine was inside the carton, Luis-Ramirez said yes and asked for "the money." Padukiewicz pulled a kilogram brick partway out of the carton to make sure it was there and then asked Ramon and Luis-Ramirez to wait while he got money from his brother.
 
 
 9
 Although the giving of the Jewell instruction was error, and even rose to the level of plain error, see Sanchez-Robles, 927 F.2d at 1073, we hold the giving of the instruction was harmless beyond a reasonable doubt, see id. at 1075.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3