12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso GUTIERREZ, Defendant-Appellant.
 No. 92-10314.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 13, 1993.
Decided Nov. 17, 1993.
 
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Alfonso Gutierrez ("Gutierrez") timely appeals his conviction following a jury trial for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Gutierrez contends that the district court (1) erred in denying his motion for a judgment of acquittal based on insufficiency of the evidence, and (2) erred in allowing the government's peremptory strike of an Hispanic juror. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Acting on information from a confidential informant, on October 10, 1991 at approximately 12:10 p.m., U.S. Customs Agents Terry Kirkpatrick and Layne Peugh went to the intersection of West and Curtis Streets in Nogales, Arizona and set up surveillance on a grey pontiac. Approximately four other agents were also in the area surveilling the vehicle.
 
 
 4
 At about 12:55 p.m., the agents saw Gutierrez leave a house on the corner of Curtis and West Streets and enter the car. Gutierrez started the engine and began to drive away but was blocked by agents who drove their car into his path. The agents told Gutierrez to get out of the car and then asked for his consent to search the vehicle. Gutierrez consented and took the keys out of the ignition and opened the car's hatchback. Two suitcases containing bundles of marijuana were found in the back seat area. Agent Peugh and U.S. Customs Agent Ed Byers both testified that the suitcases smelled of marijuana. Agent Byers testified that he could detect the distinct odor of marijuana from 10 to 15 feet away from the car. Agent Peugh testified that he could smell marijuana when he stood next to the car and when he drove the car containing the two suitcases of marijuana back to the customs office. Agent Kirkpatrick testified that he did not smell marijuana at the scene. The agents recovered approximately 56.5 pounds of marijuana.
 
 
 5
 Gutierrez was questioned by an agent at the customs office. He stated he had been at a house on Curtis Street planting trees for a lady named Maria. He said a person he had met previously called Alex had arrived in the grey pontiac and asked him to take the car to a K-Mart shopping plaza, park it in the lot, and leave the keys in it. Gutierrez could not otherwise identify Alex.
 
 
 6
 A jury was empaneled on February 11, 1992. The government exercised a peremptory strike against venireperson Rita Zepeda. The defense challenged the strike pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), because Zepeda, like Gutierrez, was Hispanic. The district court did not make a finding as to whether Gutierrez had established a prima facie case of discrimination, but rather, looked to the prosecutor for a response to the challenge. The prosecutor asserted there were seven people in the jury pool with Hispanic surnames and that Zepeda was the only one who was struck. The prosecutor then volunteered that Zepeda was the only juror who had been asked to speak up, and explained that she had the impression that Zepeda was soft spoken and would not be able to reach an independent conclusion as easily as some of the other jurors. Additionally, the prosecutor stated Zepeda was single with no children, and that where possible, she was looking for jurors with families who she thought perhaps would be more concerned with the drug problem in the country. The district court found that the prosecutor had a nondiscriminatory basis for the exercise of the peremptory strike and denied the defense's Batson challenge.
 
 
 7
 Of the persons seated on the jury, two with non-Hispanic surnames were single with no children and one with a non-Hispanic surname was single with a child. Four of the jurors seated had Hispanic surnames.
 
 
 8
 After the government rested, Gutierrez made a motion for an acquittal, which the court denied. The jury found Gutierrez guilty as charged in the indictment. He was sentenced to twenty-one months in prison, and thirty-six months of supervised release.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 9
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 10
 The district court's denial of a motion for acquittal is reviewed under the same standard as a challenge to the sufficiency of the evidence. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). This court reviews the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). The court's factual findings regarding purposeful discrimination in exercising a peremptory strike are entitled to "great deference" and will not be set aside unless clearly erroneous. United States v. Bishop, 959 F.2d 820, 826 (9th Cir.1992).
 
 III.
 DISCUSSION
 A. Sufficiency of the Evidence
 
 11
 To sustain a conviction for possession with intent to distribute marijuana, the government had to show that Gutierrez (1) knowingly (2) possessed the marijuana (3) with the intent to distribute it. See United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987).
 
 
 12
 Gutierrez contends that the district court erred in denying his motion for acquittal because the evidence was insufficient to establish that he had knowing possession of the marijuana.
 
 
 13
 We disagree. Possession and knowledge can be proven by circumstantial evidence. United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989). A jury may infer knowing possession where a defendant is the driver and sole occupant of a car containing contraband. United States v. Murrieta-Bejarano, 552 F.2d 1323, 1324 (9th Cir.1977). Moreover, evidence that a defendant was the sole occupant and driver in control of a vehicle containing a large amount of marijuana and that agents detected the distinct odor of marijuana strongly suggests the defendant knew the marijuana was present. United States v. Diamond, 471 F.2d 771, 773 (9th Cir.), cert. denied, 412 U.S. 932 (1973); see also United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991) (not a miscarriage of justice for the jury to conclude that defendant had knowing possession where the van she was driving contained a large quantity of marijuana giving off a strong odor). Upon determining possession, the jury may infer from the weight of the marijuana that it was intended for distribution. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 
 14
 Evidence at trial established that Gutierrez was the driver and sole occupant of a car containing 56.5 pounds of marijuana in two suitcases located in the back seat. Two agents testified they could smell marijuana coming from the car. Agent Peugh also smelled marijuana in the suitcases as he drove the car back to the customs office. Moreover, after his arrest, Gutierrez stated that a person he could only identify as 'Alex' had asked him to take the car to a K-Mart, park it in the lot, and leave the keys. Gutierrez could not say why Alex had made this request. Reviewing this evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Gutierrez had knowing possession of the marijuana with intent to distribute.
 
 B. Peremptory Challenge
 
 15
 Normally, a three part analysis is used to determine whether a prosecutor's peremptory strike constitutes purposeful discrimination. Batson v. Kentucky, 476 U.S. at 96-98; Bishop, 959 F.2d at 824. First, the defense must establish a prima facie case of discrimination. Bishop, 959 F.2d at 824. Second, the prosecutor must provide a race neutral explanation for the challenge. Id. Third, the trial court then must determine whether the defendant has established purposeful discrimination. Id. Typically, the decisive question will be whether the prosecutor's race neutral explanation should be believed, and "evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judge's province.' " Id. at 826 (citations omitted).
 
 
 16
 In this case, the district court did not rule on whether Gutierrez established a prima facie case of discrimination. However, once the prosecutor offered a race neutral explanation for the challenge and the court ruled on the ultimate issue of purposeful discrimination, the issue of whether Gutierrez made a prima facie showing of discrimination became moot. Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991); Bishop, 959 F.2d at 824.
 
 
 17
 Gutierrez contends that the two reasons the prosecutor offered for striking Rita Zepeda were pretextual. He points out there is no indication in the record that Zepeda was asked to speak up and that two of the jurors seated on the panel were single with no children and one of the jurors was single with a baby. Gutierrez maintains that the prosecutor's explanations were contrary to the facts, and thus, the district court committed clear error in finding that the prosecutor had a nondiscriminatory basis for striking Zepeda.
 
 
 18
 We disagree. First, although the transcript does not indicate that Zepeda was asked to speak up, the prosecutor still could have had the genuine impression that Zepeda was soft spoken and would not have been able to come to an independent conclusion as easily as other jurors. The trial judge was in the best position to evaluate this explanation, and he found it to be credible. In addition, the prosecutor said that where possible she was looking for jurors with families. It was reasonable for the district court to believe that Zepeda's single status was a legitimate factor which contributed to the prosecutor's decision to strike Zepeda even though there were other single jurors who were not struck. See United States v. Lewis, 837 F.2d 415, 417 n. 5 (9th Cir.) (decision to strike hinges on the interplay of various factors--no clear error where prosecutor did not strike other venirepersons having some of the same characteristics cited as justifications for striking black venireperson), cert. denied, 488 U.S. 923 (1988). Moreover, we note that the prosecutor moved to strike only one Hispanic in the jury pool and accepted four Hispanics on the jury. While the failure to challenge all the Hispanic jurors does not eliminate the possibility of a prima facie case of purposeful discrimination, see United States v. Chinchilla, 874 F.2d 695, 698 (9th Cir.1989), the willingness to accept some Hispanics does weigh against the existence of even a prima facie case. Id. n. 4. See also Bishop, 959 F.2d at 827. Although not dispositive, these were factors the court could consider as indicative of a nondiscriminatory motive. Bishop, 959 F.2d at 827.
 
 
 19
 The district court had the opportunity to view the full jury selection first hand, and its findings are entitled to great deference. The court did not clearly err in finding that the prosecutor had a nondiscriminatory basis for the exercise of the peremptory challenge.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3