69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon CANCIO-GERMAN, Defendant-Appellant.
 No. 94-50610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Oct. 31, 1995.
 
 Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Cancio-German appeals his conviction and sentence for importation of marihuana and possession of marihuana with intent to distribute. We AFFIRM.
 
 I. Sufficiency of the evidence
 
 3
 Cancio-German claims there was insufficient evidence that he knowingly possessed the 193.7 pounds of marihuana hidden in the bed of the truck he drove into the United States. Because Cancio-German failed to move for a judgment of acquittal at the conclusion of the government's case and at the close of all the evidence, we review his argument that the evidence was insufficient for plain error, to prevent a miscarriage of justice. United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992) (as amended).
 
 
 4
 The evidence is sufficient to support Cancio-German's conviction if, viewing the evidence in the light most favorable to the government, a rational jury could have found Cancio-German guilty beyond a reasonable doubt. United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993).
 
 
 5
 "As appellant was the driver and sole occupant of the vehicle, the jury could properly infer that he knew about the marijuana." United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994) (959 pounds of marihuana hidden in front cargo area of truck), cert. denied, 115 S.Ct. 953 (1995); see also United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991) (43 pounds of cocaine and 417 pounds of marihuana hidden in van); United States v. Murrieta-Bejarano, 552 F.2d 1323, 1324 (9th Cir.1977) (138 pounds of marihuana hidden under truck bed). The large amount of marihuana involved also supports an inference that Cancio-German knowingly possessed the narcotics. Davila-Escovedo, 36 F.3d at 843; United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 
 6
 In addition, Cancio-German gave conflicting statements to authorities. He first told Customs Inspector Hill that the truck belonged to his father, who had just purchased it, and that Cancio-German had gone to Mexico to pick it up. The truck was actually registered to a woman who lived in northern California. Later, he told Customs Agent Tucker that he was going to purchase the truck and that someone had set him up by putting the marihuana in the vehicle. According to FBI Special Agent Roman's testimony at trial, two months after his arrest Cancio-German told Agent Roman that Jose Orozco had asked Cancio-German to cross another vehicle a few days after April 7, 1994, and Cancio-German had agreed. Cancio-German testified that he was crossing the truck as a favor for Orozco, and denied that he agreed to cross any other vehicles. Cancio-German denied making some of his statements to the customs officials, and explained the others as the product of his nervousness. The jury could have discredited Cancio-German's testimony at trial, given his contradictory accounts, and thus could have concluded that he knew there were drugs in the vehicle. See Barbosa, 906 F.2d at 1368-69.
 
 
 7
 We hold that it would not be a miscarriage of justice for the jury to conclude that Cancio-German knew the truck contained marihuana when he drove it into the United States.
 
 II. Sentencing
 
 8
 Cancio-German claims that the district court erred in not granting him a four-level downward adjustment for being a minimal participant under U.S.S.G. Sec. 3B1.2(a). We review the district court's refusal to grant the adjustment for clear error. United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). It was Cancio-German's burden to prove by a preponderance of the evidence that the downward adjustment was merited. Ajala v. United States Parole Comm'n, 997 F.2d 651, 656 (9th Cir.1993).
 
 
 9
 Section 3B1.2(a) is intended for infrequent use, limited to defendants such as "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. Sec. 3B1.2, comment. (n. 2).
 
 
 10
 The district court did not clearly err in refusing to grant the four-level downward adjustment. Cancio-German did not introduce evidence of the size or scope of the smuggling operation, arguing only that he had little money on his person, the truck was not his, the owner did not know him, and he was used as a "mule." Given the large amount of marihuana transported and the evidence of his statement to Agent Roman that he had agreed to cross another vehicle for Orozco at some later date, we hold the district court did not clearly err in refusing to grant this adjustment. See Ajala, 997 F.2d at 656 (mere fact that defendant was courier does not mean role was minimal).
 
 
 11
 Cancio-German also challenges the district court's refusal to depart downward on the basis of his minor role in the offense and his aberrant behavior. He does not argue that the district court erroneously believed it lacked the authority to depart downward on those grounds, and the court did not indicate any such belief at the sentencing hearing. See United States v. Jackson, 986 F.2d 312, 314 (9th Cir.1993) (per curiam) ("When it is not otherwise in dispute, a district court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked the power to depart."). Because the refusal to depart downward was discretionary, this court has no jurisdiction to review the district court's decision not to depart. Id.; United States v. Heim, 15 F.3d 830, 833 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3