NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50175 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03066-BAS-1 |
| v. | |
| MARIA FERNANDA PENA RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 4, 2020[**]
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

Defendant Maria Fernanda Pena Rivera challenges her conviction for two

counts of importation of a controlled substance, under 21 U.S.C. §§ 952 and 960,

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]        The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

claiming that the district court improperly admitted certain text messages into evidence and that there was insufficient evidence to convict her. We affirm.[1]

1.      Defendant contends that the district court improperly admitted text messages from four months before her offense for the impermissible purpose of using a prior bad act to show that she acted in conformity with her bad character. We reject Defendant's contention. As the district court concluded, the text messages, which tend to show that Defendant had previously smuggled cash across the United States-Mexico border, were relevant to establishing knowledge, intent, plan, and opportunity to smuggle narcotics for illicit drug organizations. *See* Fed. R. Evid. 404(b)(2). That evidence of a prior bad act was admissible because (1) it "tends to prove a material point"; (2) "the other act is not too remote in time"; (3) "the evidence is sufficient to support a finding that defendant committed the other act"; and (4) "the act is similar to the offense charged." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013) (quoting *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).[2] Moreover, the district court was well within its

---

[1] Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

[2] We note that the fourth consideration is not required when the evidence goes to a defendant's knowledge, *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992), but even if it were, smuggling cash is similar to smuggling drugs, *see Ramos-Atondo*, 732 F.3d at 1123 (upholding admission of evidence of prior alien smuggling as relevant in drug smuggling case).

discretion to conclude that any possible prejudice from admitting the evidence did not substantially outweigh its probative value, especially where "any such practical prejudice was minimized by the district court's careful limiting instruction to the jury." *Id.* at 1124.

2. Defendant also contends that the district court erred by denying her motion for judgment of acquittal. The government presented evidence that Defendant had exclusive dominion and control over the car in which nearly sixty pounds of narcotics worth almost $300,000 were discovered, *see United States v. Castillo*, 866 F.2d 1071, 1086–87 (9th Cir. 1988); *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000); that Defendant recently deposited in her bank account and possessed on her person quantities of money that dwarfed her monthly earnings, *see United States v. Murrieta-Bejarano*, 552 F.2d 1323, 1325 (9th Cir. 1977), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc); and that Defendant sent suspicious text messages both the day before and four months before her arrest. When "viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime [including knowledge and intent] beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The district court appropriately concluded that there was sufficient evidence to support

3

Defendant's conviction.

**AFFIRMED.**